1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

12

13

14

| | |
|---|---|
| GS HOLISTIC, LLC, | CASE NO. C23-0323JLR |
| Plaintiff, | ORDER TO SHOW CAUSE |
| v. | |
| DAPARA LLC, et al., | |
| Defendants. | |

15    Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for entry

16 of default against Defendants Dapara LLC ("Dapara") and Phillip Cho.  (Mot. (Dkt.

17 # 13).)  GS Holistic states that it served Dapara "via corporate service" on April 13, 2023.

18 (*Id.* (citing 4/21/23 Aff. (Dkt. # 9)).)  In his declaration of service, GS Holistic's process

19 server states that on April 13, 2023, "at the address of 10925 SE 26th St., Bellevue, WA,"

20 he served the summons and complaint upon "DAPARA LLC D/B/A PACIFIC SMOKE,

21 MATTHEW CHO" by handing the summons and complaint to Mechung Chang.

22 (4/21/23 Aff.)  According to the process server, Mechung Chang stated that "both he/she

1    and the Defendant DAPARA LLC D/B/A PACIFIC SMOKE, MATTHEW CHO, reside

2    together in the home located at the aforementioned address."  (*Id.*)  According to GS

3    Holistic's affidavit of service on Phillip Cho, 10925 SE 26th St., Bellevue, Washington is

4    the residential address for Matthew Cho and Phillip Cho.  (*See* 5/14/23 Aff. (Dkt. # 10).)

5    And according to GS Holistic's complaint, Matthew Cho and Phillip Cho are Dapara's

6    "owners" and Dapara's principal place of business is 27027 Pacific Highway South, Des

7    Moines, Washington.  (Compl. (Dkt. # 1) at 1; *id.* ¶ 5.)

8          The court is unaware of any provision of the Federal Rules of Civil Procedure or

9    Washington law that allows for service on a limited liability company ("LLC") by

10   leaving a copy of the summons and complaint at the LLC's "owner's" residential address

11   with a co-resident of the "owner."  *See* Fed. R. Civ. P. 4; Wash. Civ. R. 4(d) (citing

12   statutes authorizing methods of service under Washington state law).  To the contrary,

13   both federal law and Washington law generally require a plaintiff to serve a business

14   entity such as an LLC by personally serving a registered agent or certain officers of the

15   entity.  *See*, *e.g.*, Fed. R. Civ. P. 4(h); RCW 4.28.080(9); RCW 23.95.450.  Accordingly,

16   the court ORDERS GS Holistic to show cause, by no later than **September 6, 2023**, why

17   the court should not deny its motion for default (Dkt. # 13) for failure to show that it

18   properly served Dapara.  If GS Holistic asserts that service on Dapara was proper, it shall

19   cite the statute(s), rule(s), and/or case(s) that authorize this method of service in its

20   //

21   //

22   //

ORDER - 2

response to this order.  Failure to timely respond to this order will result in the denial of

the motion for default.

Dated this 29th day of August, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 3