UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>DAPARA LLC, et al.,<br><br>                Defendants. | CASE NO. C23-0323JLR<br><br>ORDER |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for a 20-day extension of time to perfect service on Defendant Dapara LLC ("Dapara"). (Mot. (Dkt. # 18).) Because none of the Defendants have appeared in this action, the court exercises its discretion under Federal Rule of Civil Procedure 1 to decide this motion before the October 6, 2023 noting date. Fed. R. Civ. P. 1 (directing courts to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding"). The court has reviewed GS Holistic's

ORDER - 1

motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS GS Holistic's motion.

On August 29, 2023, this court issued an order directing GS Holistic to show cause why the court should not deny its motion for entry of default due to its failure to properly serve Dapara.  (OSC (Dkt. # 14); *see* Def. Mot. (Dkt. # 13).)  In response to that order, GS Holistic stated that it "did not realize" that its purported service on Dapara was improper until the court issued its order to show cause.  (OSC Resp. (Dkt. # 16) ¶ 5.)  It further represented that on August 30, 2023, it asked its process server to properly serve Dapara.  (*Id.* ¶ 6.)  Because the deadline for service had expired on June 5, 2023,[1] GS Holistic asked the court to allow it an additional 45 days to perfect service on Dapara.  (*Id.* ¶ 9.)  On September 7, 2023, the court granted GS Holistic's request in part because it not find GS Holistic's failure to understand that it improperly served Dapara to be good cause to justify an extension of the Rule 4(m) deadline.  (9/7/23 Order (Dkt. # 17).)  Because GS Holistic had not previously requested an extension of the service deadline in this case, however, the court agreed to extend GS Holistic's deadline to serve Dapara by 30 days, to September 28, 2023.  (*Id.*)

//

//

---

[1] Under Federal Rule of Civil Procedure 4(m), the court must dismiss an action without prejudice as to any defendant that has not been served within 90 days after the complaint was filed or order that service be made within a specified time.  Fed. R. Civ. P. 4(m).  The court must, however, extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to serve the defendant within the 90-day timeframe.  *Id.*  Thus, because GS Holistic filed this action on March 6, 2023 (*see* Compl. (Dkt. # 1)), the 90-day deadline for effectuating service of process expired on June 5, 2023.

ORDER - 2

1  Rather than file proof of service, however, GS Holistic filed the instant motion.
2  GS Holistic represents that its process server attempted to serve Dapara "at the store" but
3  received information that the store was "under new management" and "Mr. Cho was not
4  the owner anymore." (Mot. ¶ 3.)  GS Holistic, however, has not provided any evidence
5  to substantiate this effort to serve Dapara.  (*See generally id.*)  GS Holistic then
6  "requested a new process server, ABC Legal" to execute "priority service at the home
7  address for Mr. Cho." (*Id.* ¶ 4.)  GS Holistic, however, does not (1) specify whether "Mr.
8  Cho" refers to Defendant Phillip Cho or Defendant Matthew Cho; (2) explain why it is
9  attempting to serve "Mr. Cho" when the store clerk informed the process server that "Mr.
10 Cho" no longer owned the business; or (3) indicate that it has done any investigation into
11 whether the representation that "Mr. Cho" no longer owns the business is accurate.  (*See*
12 *generally id.*)  In any event, as of September 28, 2023, ABC Legal had not provided GS
13 Holistic information regarding the status of service.  (*Id.* ¶ 5.)  As a result, GS Holistic
14 now asks for an additional 20 days in which to perfect service upon Dapara.  (*Id.* ¶ 6.)

15 The court again concludes that GS Holistic has not established good cause for a
16 further extension of the deadline to serve Dapara.  GS Holistic fails, as it has in other
17 cases in this district,[2] to substantiate the efforts it has made to serve Dapara.  (*See*
18 *generally* Mot.)  Nevertheless, the court GRANTS GS Holistic's motion for an additional

---

[2] *See, e.g.*, *GS Holistic, LLC v. West Seattle Tobacco Co. LLC*, No. C23-0391JLR (W.D. Wash. Aug. 17, 2023), Dkt. # 11; *GS Holistic, LLC v. Mitchell & Mitchell Enters., Inc.*, No. C23-5214JLR (W.D. Wash. Aug. 17, 2023), Dkt. # 17; *GS Holistic, LLC v. JBI LLC*, No. C23-0396JLR (W.D. Wash. Aug. 21, 2023), Dkt. # 13.  The court ORDERS GS Holistic to substantiate its service efforts in conjunction with any future motion for an extension of time to effect service.

20 days in which to perfect service (Dkt. # 18).  GS Holistic shall file proof of proper service on Dapara by no later than **October 18, 2023.**  <u>No further extensions of the deadline to serve Dapara will be granted.</u>

Dated this 29th day of September, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 4